# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| OSCAR JERESANO, ELIAS DE ALBA ALFREDO CORTES CARMONA, GREGORIO GOMEZ, DANIEL BAZALDUA, CURLY EDISON, JOSHUA GREEN, KENNETH RAY JOHNSON, ANTHONY LARKIN, DARWIN VENTURA, DANIEL OSCAR LOPEZ MICHAELPRINCE and ALBERTO MORALES, Individually and On Behalf of All Similarly Situated Persons, Plaintiffs, | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:17-CV-00381 |
| V. | | |
| SESCO CEMENT, CORP. Defendant. | | JURY DEMANDED |

## PLAINTIFFS' ORIGINAL COLLECTIVE ACTION COMPLAINT

This is an action arising under the Fair Labor Standards Act of 1938 ("FLSA"), brought both as an individual action and collective action to recover unpaid overtime compensation, liquidated damages, and attorney's fees owed to Plaintiffs Oscar Jeresano, Elias De Alba, Alfredo Cortes Carmona, Gregorio Gomez, Daniel Bazaldua, Curly Edison, Joshua Green, Kenneth Ray Johnson, Anthony Larkin, Darwin Ventura, Daniel Oscar Lopez, Michael Prince, Alberto Morales and all other similarly situated employees ("Members of the Class") employed by, or formerly employed by Defendant, its subsidiaries and affiliated companies.

### Parties

1. Plaintiffs Oscar Jeresano ("Jeresano"), Elias De Alba ("De Alba"), Alfredo Cortes Carmona ("Cortes"), Gregorio Gomez ("Gomez"), Daniel Bazaldua ("Bazaldua"), Curly Edison ("Edison"), Joshua Green ("Green"), Kenneth Ray Johnson ("Johnson"), Anthony Larkin ("Larkin"), Darwin Ventura ("Ventura"), Daniel Oscar Lopez ("Lopez"), Michael Prince ("Prince") and Alberto Morales ("Morales") former employees of Defendant, were personally

engaged in interstate commerce during their employment with the Defendant, and are represented by the undersigned.

2. Defendant Sesco Cement, Corp. ("Sesco") is a Texas corporation and an "employer" as defined by the FLSA. With respect to Plaintiffs and Members of the Class, Sesco is subject to the provisions of the FLSA. Sesco was at all relevant times an enterprise engaged in commerce or in the production of goods for commerce, as defined by 29 U.S.C. §§ 203(r) and (s), and had gross annual revenues in excess of $500,000.00. Sesco may be served through its registered agent Davenport Law Firm, PC at 2009 Lubbock Street, Houston, Texas 77007 or wherever agent may be found.

### **Jurisdiction and Venue**

3. This Court has jurisdiction under the FLSA, and venue is proper pursuant to 28 U.S.C. § 1391(b), as Defendant and Plaintiffs transacted business within this judicial district, and the events underlying this complaint occurred within this judicial district as well. At all times pertinent to this Complaint, Defendant was an enterprise engaged in interstate commerce, operating on interstate highways, purchasing materials through commerce, transporting materials through commerce and on the interstate highways, conducting transactions through commerce, including the use of credit cards, phones and/or cell phones, electronic mail and the Internet. At all times pertinent to this Complaint, Defendant regularly owned and operated a business engaged in commerce or in the production of goods for commerce as defined by §3(r) and 3(s) of the Act, 29 U.S.C. §2013(r) and 203(s). Additionally, Plaintiffs were individually engaged in commerce and their work was essential to Defendant's business. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant and Plaintiffs transacted business within this judicial district and some of the events underlying this complaint occurred within this judicial district. Upon information and belief, Defendant conducted sufficient business to exceed an annual gross volume of sales of at least $500,000 (exclusive of excise taxes) based upon the volume of business.

**Factual Allegations**

4. Plaintiff Oscar Jeresano worked for Defendant as a General Warehouse Manager from October of 2014 until January of 2017. Plaintiff Jeresano's duties included, but were not limited to, overseeing and supervising the job functions of all general warehouse laborers, operating forklifts and other equipment as necessary, supervising loading and unloading of cement pallets into flatbed trailers and pneumatic bulk trailers, working alongside dispatchers and other administrative employees to facilitate the daily operations of Defendant's business. Jeresano regularly worked more than 40 hours a week throughout his employment with Defendant. Jeresano was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

5. Plaintiff Elias De Alba worked for Defendant as a General Warehouse Laborer/Driver from October of 2015 until January of 2017. Plaintiff De Alba's duties included, but were not limited to, driving a company pick-up truck to run errands, picking up materials (tools, brushes, etc.,) and office supplies from Home Depot and other locations, making pallets of about 70 pounds of cement each, operating forklifts to stack up the pallets into flatbed trucks and loading into the trucks for local/intrastate delivery. De Alba regularly worked more than 40 hours a week throughout his employment with Defendant. De Alba was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

6. Plaintiff Alfredo Cortes Carmona worked for Defendant as a General Warehouse Laborer from January of 2016 until January of 2017. Plaintiff Cortes's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general assignments as

instructed by supervisor. Cortes regularly worked more than 40 hours a week throughout his employment with Defendant. Cortes was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

7. Plaintiff Gregorio Gomez worked for Defendant as a General Warehouse Laborer from September of 2016 until January of 2017. Plaintiff Gomez's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Gomez regularly worked more than 40 hours a week throughout his employment with Defendant. Gomez was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

8. Plaintiff Daniel Bazaldua worked for Defendant as a General Warehouse Laborer from May of 2016 until January of 2017. Plaintiff Bazaldua's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Bazaldua regularly worked more than 40 hours a week throughout his employment with Defendant. Bazaldua was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

9. Plaintiff Curly Edison worked for Defendant as a General Warehouse Laborer from June of 2016 until January of 2017. Plaintiff Edison's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into

the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Edison regularly worked more than 40 hours a week throughout his employment with Defendant. Edison was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

10. Plaintiff Joshua Green worked for Defendant as a General Warehouse Laborer from June of 2016 until January of 2017. Plaintiff Green's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Green regularly worked more than 40 hours a week throughout his employment with Defendant. Green was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

11. Plaintiff Kenneth Ray Johnson worked for Defendant as a General Warehouse Laborer from November of 2016 until January of 2017. Plaintiff Johnson's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Johnson regularly worked more than 40 hours a week throughout his employment with Defendant. Johnson was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

12. Plaintiff Anthony Larkin worked for Defendant as a General Warehouse Laborer from November of 2016 until January of 2017. Plaintiff Larkin's duties included, but were not

limited to, making cement pallets, feeding the hopper, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Larkin regularly worked more than 40 hours a week throughout his employment with Defendant. Larkin was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

13. Plaintiff Darwin Ventura worked for Defendant as a General Warehouse Laborer from November of 2016 until January of 2017. Plaintiff Ventura's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Ventura regularly worked more than 40 hours a week throughout his employment with Defendant. Venture was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

14. Plaintiff Daniel Oscar Lopez worked for Defendant as a General Warehouse Laborer from June of 2016 until January of 2017. Plaintiff Lopez's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Lopez regularly worked more than 40 hours a week throughout his employment with Defendant. Lopez was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

15. Plaintiff Michael Prince worked for Defendant as a General Warehouse Laborer from May of 2016 until January of 2017. Plaintiff Prince's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Prince regularly worked more than 40 hours a week throughout his employment with Defendant. Prince was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

16. Plaintiff Alberto Morales worked for Defendant as a General Warehouse Laborer from January of 2015 until January of 2017. Plaintiff Morales's duties included, but were not limited to, making cement pallets, operating forklifts to stack up the pallets into flatbed trucks, loading into the trucks for local/intrastate delivery and working on other general warehouse assignments as instructed by supervisor. Morales regularly worked more than 40 hours a week throughout his employment with Defendant. Morales was paid on an hourly rate basis, but was not paid premium pay for hours worked over 40, and was not paid at all for many of the hours that he worked in excess of 40 per week.

17. At all times relevant hereto, the Defendant knew of, approved of, and benefited from Plaintiffs' regular and overtime work. Plaintiffs were not "exempt" employees.

18. Defendant did not make a good faith effort to comply with the overtime provisions contained within the FLSA.

19. Defendant's actions were willful and in blatant disregard for Plaintiffs' federally protected rights.

**Plaintiffs' Individual Allegations**

20. As non-exempt employees, Plaintiffs were entitled to be paid their regular wages and to be paid an overtime premium for all work performed during the hours worked over forty (40) hours in each workweek. Defendant failed to pay the Plaintiffs the required overtime premium in nearly every workweek that the Plaintiffs were employed by Defendant, as the Plaintiffs worked in excess of 40 hours in almost every week they worked for the Defendant. Plaintiffs were paid on an hourly rate basis, but were not paid premium pay for hours worked over 40.

21. No exemption excuses the Defendant from paying Plaintiffs for all time spent and work performed during the hours they worked, and the Defendant has not made a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation with respect to Plaintiffs. Such practice was and is a clear violation of the FLSA.

**Collective Action Allegations**

22. Other employees have been victimized by the Defendant's pay practices and policies that are in willful violation of the FLSA. A number of these employees have worked with Plaintiffs. Thus, Plaintiffs are aware that the illegal practices or policies of the Defendant have been imposed on the Members of the Class. Specifically, through speaking with other employees, Plaintiffs are aware that Defendant makes a regular practice of not paying the required overtime premium for hours worked over 40 in a workweek.

23. The Members of the Class performed work that is similar in nature to that performed by Plaintiffs; these individuals worked alongside the Plaintiffs, performing the same type of manual, physical work that the Plaintiffs performed. Accordingly, the employees victimized by the Defendant's unlawful practices are similarly situated to Plaintiffs in terms of their job duties.

24. Further, each Member of the Class was paid according to a common payment scheme. Thus, although the amount of damages may vary from individual to individual, the damages can be calculated by using a single mathematical formula that is individually applicable to each Member of the Class. The Members of the Class are, therefore, similarly situated in terms of pay provisions.

25. The Defendant's failure to pay its employees as required by the FLSA resulted from a generally applicable policy that does not depend on the personal circumstances of the Members of the Class. This generally applicable policy is prohibited by the FLSA. Thus, Plaintiff's experience is typical of the experiences of the Members of the Class.

26. No justification or exemption excused the Defendant from paying the Members of the Class for all work performed and time spent working, and the Defendant did not make a good faith effort to comply with the FLSA. As such, the Defendant knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice regarding minimum wage and overtime compensation with respect to the Members of the Class.

27. The class of similarly situated Plaintiffs is properly defined as:

> **All persons employed by the Defendant Sesco Cement, Corp. as general warehouse workers/laborers, and who were paid on an hourly rate basis during the three-year period preceding the filing of this complaint**.

## CAUSE OF ACTION

### Violation of the FLSA – Failure to Pay Overtime Wages Owed

28. Based on the foregoing, Defendant violated the FLSA by failing to properly compensate Plaintiffs and Members of the Class for work performed in the employ of the Defendant.

29. Plaintiffs and Members of the Class have suffered damages as a direct result of Defendant's illegal actions.

30. Defendant is liable to Plaintiffs and all Members of the Class for unpaid overtime compensation, liquidated damages, attorney's fees and costs of Court under the FLSA, for the three-year period preceding the filing of this lawsuit.

### Retaliation

31. When Plaintiffs and their co-workers tried to assert their rights under the FLSA to be paid for all the time they worked and to be paid time-and-a-half for all hours worked in excess of 40 per workweek, Defendant terminated their employment. Defendant's actions were in retaliation for the employees' attempts to assert their rights were and a violation of the Fair Labor Standards Act's anti-retaliation provisions. As a result of Defendant's retaliatory actions, Plaintiffs suffered actual damages, including but not limited to lost income while they sought new employment. Plaintiffs are entitled to recover exemplary damages and/or liquidated damages, costs and reasonable and necessary attorney's fees due to Defendant's wrongful conduct.

### Demand for Jury

32. Plaintiffs demand a trial by jury.

### Prayer for Relief

WHEREFORE, Plaintiffs and all employees similarly situated who join in this action demand:

1. Issuance of notice as soon as possible to all persons employed by Sesco Cement, Corp. as warehouse workers/laborers, who were paid on an hourly rate basis during the three-year period immediately preceding the filing of this Complaint. Generally, this notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit if they were not paid correctly for work performed or hours worked during any portion of the statutory period;
2. Judgment against Defendant for an amount equal to Plaintiffs' and the Members of the Class's unpaid overtime wages at the applicable rate;
3. An equal amount to the overtime wage damages as liquidated damages;
4. Judgment against Defendant that its violations of the FLSA were willful;
5. To the extent that liquidated damages are not awarded, an award of prejudgment interest;
6. All costs and attorney's fees incurred prosecuting these claims;
7. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

8. Leave to amend to add claims under applicable state laws; and
9. For such further relief as the Court deems just and equitable.

Respectfully Submitted,

**THE BUENKER LAW FIRM**

*/s/ Josef F. Buenker*
Josef F. Buenker
TBA No. 03316860
jbuenker@buenkerlaw.com
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY-IN-CHARGE FOR PLAINTIFFS**

**OF COUNSEL:**
Vijay Pattisapu
TBA No. 24083633
S.D. Tex. No. 1829615
vijay@buenkerlaw.com
**THE BUENKER LAW FIRM**
2030 North Loop West, Suite 120
Houston, Texas 77018
713-868-3388 Telephone
713-683-9940 Facsimile
**ATTORNEY FOR PLAINTIFFS**